James C. Edmonds, OSB #861842
jedmonds@fe-attorneys.com
Ben C. Fetherston, Jr., OSB #812227
bfetherston@fe-attorneys.com
FETHERSTON EDMONDS, LLP
960 Liberty Street SE, Ste. 110
Salem, OR 97302
Phone: 503-581-1542
Fax: 503-585-3978
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CORBAN UNIVERSITY,<br><br>                       Plaintiff,<br>vs.<br><br>LRAP ASSOCIATION, INC.,<br><br>                       Defendant. | Case No.:<br><br>COMPLAINT<br><br>Contract Void Based On Illegality<br><br>DEMAND FOR JURY TRIAL |

JURISDICTION AND VENUE

1.    This court has jurisdiction under 27 USC § 1332(a) because complete diversity of citizenship exists among the parties as the Plaintiff is not a citizen of any state of which Defendant is a citizen and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

///

Page 1 - COMPLAINT

2.     The Defendants engaged in conduct that involved interstate commerce and commerce in the State of Oregon.

PARTIES

3.     Plaintiff Corban University is a college of higher education located in the State of Oregon. Corban University is a Non Profit Public Benefit corporation organized under the laws of the State of Oregon.

4.     Defendant LRAP Association, Inc., is a District of Columbia corporation which provides a "loan repayment assistance program" for colleges and universities.

COMMON ALLEGATIONS

5.     On or about January 1, 2013, Plaintiff and Defendant entered into a Loan Repayment Assistance Program Agreement (hereinafter "LRAP Agreement"), whereby Plaintiff agreed to provide student loan repayment assistance to graduates of Plaintiff's university under certain criteria or contingencies established by Defendant, and Defendant agreed to indemnify Plaintiff against claims in exchange for an annual fee.

6.     Under the terms of the LRAP Agreement, students accepted at Plaintiff's university are offered an opportunity for loan repayment assistance upon graduation if they qualify as an "eligible student". An "eligible student" who graduates from Plaintiff's university will qualify for "repayment assistance" if he or she meets the risk contingencies under the LRAP terms and conditions, including, but not limited to, obtaining eligible employment with an income below a certain threshold outlined in that student's LRAP award. Graduates of Plaintiff's institution who meet the eligibility requirements receive repayment assistance quarterly. LRAP agreed to make their payments "on behalf of" Plaintiff.

Page 2 - COMPLAINT

7.      Eligible students earning less than $20,000 annually following graduation receive an amount equal to the total amount of an eligible loan payment on a covered loan. If a graduate has an annual income over $20,000 but less than $40,000 annually, the repayment assistance available is reduced by a proportionate amount. LRAP terms this proportional reduction as an "income proration" which allows for graduates making less than $40,000 but more than $20,000 to receive a proportional "repayment assistance" based upon those income levels.

8.      There are other qualifying criteria for a graduate to receive Loan Repayment Assistance. Not all students who receive an LRAP award will receive loan repayment assistance. However, Plaintiff was required to pay a premium or fee for each student enrolled in the program even if that student would not ultimately receive LRAP benefits.

9.      In order for a student to qualify for loan repayment assistance, Plaintiff paid an "annual fee" or premium for each student who borrows money to pay for education at Plaintiff's institution. The payment is due for each academic year the student is enrolled at Plaintiff's institution.

10.     Each student enrolled in the LRAP was provided with an LRAP award letter from Plaintiff. The award letter identified that Plaintiff would reimburse the student/graduate for the amount of loan payments for each qualifying year based upon the LRAP criteria including the income thresholds stated above. Attached to the loan repayment letter was a statement of "Terms and Conditions" which is attached hereto as Exhibit 1 and incorporated herein by this reference.

11.     Based upon information and belief, Defendant pooled the premiums or annual fee payments made by Plaintiff to pay in full or in part the loan repayment assistance that a particular graduate may receive. Defendant did not expect that each student for whom an annual

Page 3 - COMPLAINT

fee or premium was paid would receive LRAP benefits in the future. Instead, Defendant through actuarial analysis or similar evaluations, determined the amount to be charged based upon the expected number of "eligible students" who may ultimately meet the risk contingencies or criteria to receive LRAP benefits. Defendant agreed to secure and maintain re-insurance backing for LRAP and to have external actuaries review the adequacy of such backing annually. Plaintiff was added as an additional insured under this insurance backing.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

12.    Plaintiff incorporates paragraphs 1 through 11 above.

13.    An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties concerning the status and validity of the LRAP Agreement. Plaintiff contends that the LRAP Agreement is null and void as it is against the express provisions of the law and unenforceable as against public policy. Defendant disputes these claims.

14.    Plaintiff requests that this court find and declare that the LRAP Agreement is null and void as against express provisions of the law and unenforceable as against public policy.

15.    Pursuant to the McCarran-Ferguson Act, 15 USC § 1011-15, the business of insurance is to be regulated by and taxed by the states. Pursuant to 15 USC § 1012(a), the business of insurance, and every person engaged therein, shall be subject to the laws of the several states which relate to the regulation or taxation of such business.

16.    Pursuant to 15 USC § 1012(b): no act of Congress shall be construed to invalidate, impair or supersede any law enacted by any state for the purpose of regulating the

Page 4 - COMPLAINT

business of insurance or which imposes a fee or tax upon such business unless such act specifically relates to the business of insurance.

17.    ORS 731.022 states as follows: "No person shall transact insurance in this state or relative to a domestic risk without complying with the applicable provisions of the insurance code."

18.    ORS 731.354 states as follows: "No person shall act as an insurer and no insurer shall directly or indirectly transact business in this states except as authorized by a subsisting certificate of authority issued to the insurer by the Director of the Department of Consumer and Business Services.

19.    ORS 731.102 defines "insurance" as follows:

(1) "Insurance" means a contract whereby one undertakes to indemnify another or pay or allow a specified or ascertainable amount or benefit upon determinable risk contingencies.

20.    ORS 731.106 defines "insurer" as "every person engaged in the business of entering into policies of insurance."

21.    The LRAP is "insurance" as defined by Oregon Statute. Under the terms of the Program, Defendant agreed to indemnify or pay or allow a specific or ascertainable amount or benefit based upon a risk contingency. Under the terms of the LRAP Agreement, Defendant's program is "insurance" and therefore must comply with the Oregon Insurance Code.

22.    Based upon information and belief, Defendant is not in compliance with the Oregon Insurance Code. To Plaintiff's knowledge Defendant does not have a Certificate of Authority to proceed as an insurance business in Oregon. Furthermore, Defendant has not complied with the Oregon Insurance Code. LRAP acted as an insurer within this state without

Page 5 - COMPLAINT

complying with the requirements of the Insurance Code. LRAP transacted insurance in this state without complying with the Insurance Code. LRAP sold, solicited or negotiated insurance within this state without a license as required by the Insurance Code.

23.     As a result of Defendant's failure to comply with the Oregon Insurance Code, the LRAP Agreement is void as against the law and unenforceable as against public policy.

24.     Plaintiff requests the Court to enter a judgment in favor of Plaintiff and against Defendant declaring that the LRAP Agreement is null and void and unenforceable against Plaintiff. In addition, Plaintiff requests relief in the form of return of all amounts paid by Plaintiff to Defendant pursuant to the LRAP Agreement for this year and prior years.

SECOND CLAIM FOR RELIEF

Unjust Enrichment

25.     Plaintiff incorporates paragraphs 1 through 24 above.

26.     Pursuant to the LRAP Agreement, Defendant agreed to "operate the Program and perform our respective obligations under this Agreement in compliance with all applicable laws, regulations and rules".

27.     The LRAP Agreement is an "insurance" contract under ORS 731.102. Defendant's LRAP business is subject to the Oregon Insurance Code pursuant to ORS 731.022. In order to transact insurance in the State of Oregon, Defendant must comply with the Oregon Insurance Code, including, but not limited to, obtaining a certificate of authority from the Oregon Department of Consumer and Business Services. LRAP is also required to have an Insurance Producer license.

///

Page 6 - COMPLAINT

28.    Based upon information and belief, Defendant does not have a Certificate of Authority to transact insurance in the State of Oregon or an Insurance Producer's license. In addition, Defendant has not complied with the applicable laws, regulations and rules of the Oregon Insurance Code.

29.    Defendant's failure to comply with the laws, regulations and rules of the State of Oregon make the LRAP Agreement null and void.

30.    Plaintiff has paid Defendant approximately $2,352,716 in annual fees or premium. Payment of this amount has conferred a benefit on Defendant. Retention of this amount by defendant is unjust and these payments should be returned to Plaintiff.

## THIRD CLAIM FOR RELIEF

### Invalid Arbitration Clause

31.    Plaintiff incorporates paragraphs 1 through 30 above.

32.    The LRAP Agreement at issue contains a clause captioned "Dispute Resolution." That clause states as follows:

**DISPUTE RESOLUTION.** Any controversy or claim arising out of or relating to this contract, or the breach thereof, will be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

33.    The dispute resolution provision cannot be enforced as it is null and void. Pursuant to the McCarran-Ferguson Act, no act or law of Congress shall be construed to invalidate, impair or supersede any law enacted by any state for the purpose of regulating the business of insurance. Regulation of insurance is the exclusive province of the States as provided for in the McCarran-Ferguson Act, 15 USC § 1011-15. Defendant is transacting insurance in the

Page 7 - COMPLAINT

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR  97308-2206
(503) 581-1542  Fax (503) 585-3978

State Oregon. The laws of the State of Oregon regulate Defendant's conduct.   There is no provision in the Oregon Insurance Code allowing for an "insurer" such as Defendant to require arbitration of issues relating to the insurance contract under the Insurance Code. The dispute resolution clause is contrary to the laws of the State of Oregon, illegal, and unconscionable.

34.    The Dispute Resolution clause in the LRAP Agreement is not valid as Plaintiff is not allowed to enter into a contract that is illegal.

### FOURTH CLAIM FOR RELIEF

In the Alternative to the Claims Asserted Above,
Motion to Compel Arbitration in State Of Oregon

35.    Plaintiff incorporates paragraphs 1 through 34 above.

37.    In the event the Court determines that Arbitration is necessary to decide any or all issues raised in this dispute or in any dispute between the parties, Plaintiff moves the Court for an order compelling arbitration in Oregon.

WHEREFORE Plaintiff requests the following relief:

1.    Plaintiff requests the Court to enter a judgment in favor of Plaintiff and against Defendant declaring that the LRAP Agreement is null, void and unenforceable. In addition, Plaintiff requests relief in the form of return of all amounts paid by Plaintiff to Defendant pursuant to the LRAP Agreement for this year and prior years. This amount is $2,352,716.00;

2.    Damages in the form of all payments made to Defendant for the LRAP program.

3.    Declaration that the Dispute Resolution clause in the LRAP Agreement is null, void and unenforceable;

///

Page 8 - COMPLAINT

4.    In the alternative to the above claims, an order compelling arbitration in the State

of Oregon of the disputes alleged above; and

5.    Any other appropriate relief as the Court finds just and equitable.

DATED this ___23rd___ day of August, 2018.

FETHERSTON EDMONDS, LLP

s/ James C. Edmonds

By:    _____

James C. Edmonds, OSB #861842
jedmonds@fe-attorneys.com
Ben C. Fetherston, Jr., OSB #812227
bfetherston@fe-attorneys.com
Attorneys for Plaintiff

Trial Attorney:

James C. Edmonds, OSB #861842
jedmonds@fe-attorneys.com
FETHERSTON EDMONDS, LLP
Attorneys for Plaintiff

Page 9 - COMPLAINT